UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL BUXBAUM,<br><br>                          Plaintiff,<br><br>                    v.<br><br>WILLIAM TRAVIS and KELLY SABATINO,<br><br>                          Defendants. | 25 Civ. 687 (KPF)<br><br>**TRANSFER ORDER** |

KATHERINE POLK FAILLA, United States District Judge:

Plaintiff, who alleges that he resides in Boca Raton, Florida, brings this pro se action, asserting state-law claims under the Court's diversity of citizenship jurisdiction. Named as Defendants are William Travis and Kelly Sabatino, individuals whom Plaintiff alleges reside in Brooklyn, Kings County, New York. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. See 28 U.S.C. § 1391(c)(1), (2).

Plaintiff does not allege where the events giving rise to his claims occurred. It is therefore unclear where venue would be proper under Section 1391(b)(2). Plaintiff, however, does allege that Defendants reside in Brooklyn, Kings County, which falls within the Eastern District of New York. See 28 U.S.C. § 112(c). Venue for Plaintiff's claims is therefore proper under Section 1391(b)(1) in the Eastern District of New York.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (i) the convenience of witnesses; (ii) the convenience of the parties; (iii) the locus of operative facts; (iv) the availability of process to compel the attendance of the unwilling witnesses; (v) the location of relevant documents and the relative ease of access to sources of proof; (vi) the relative means of the parties; (vii) the forum's familiarity with the governing law; (viii) the weight accorded to the plaintiff's choice of forum; (ix) trial efficiency; and (x) the interest of justice, based on the totality of circumstances. Keitt v. New York City, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011) (citing DealTime.com, Ltd. v. McNulty, 123 F. Supp. 2d 750, 755 (S.D.N.Y. 2000)).

Under Section 1404(a), transfer appears to be appropriate in this case. Although Plaintiff does not allege where the underlying events occurred, he does allege that Defendants reside in Kings County. Nothing in the complaint

suggests any connection to this District.[1] The Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); see D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. This Order closes the case in this Court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: February 12, 2025
       New York, New York

*[signature: Katherine Polk Failla]*

KATHERINE POLK FAILLA
United States District Judge

---

[1] This judicial District, the Southern District of New York, is comprised of the following New York counties: (i) New York; (ii) Bronx; (iii) Westchester; (iv) Dutchess; (v) Rockland; (vi) Orange; (vii) Putnam; and (viii) Sullivan. See 28 U.S.C. § 112(b).